IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JACOB T. DIETRICH,

                Plaintiff,                  OPINION AND ORDER

   v.

                                           11-cv-862-wmc

WISCONSIN DEPARTMENT
OF CORRECTIONS, *et al.*,

                Defendants.

---

The plaintiff, Jacob T. Dietrich, has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with the conditions of his confinement in the Wisconsin Department of Corrections (DOC).  Dietrich proceeds *pro se* and he has paid an initial partial filing fee in compliance with the *in forma pauperis* statute.  *See* 28 U.S.C. § 1915(b)(4). The complaint is now before the court for screening pursuant to 28 U.S.C. § 1915A.  As had the Eastern District of Wisconsin, this court concludes that the proposed complaint fails to comply with federal pleading requirements.  Moreover, the court can see no basis for Dietrich to proceed further in this court.  Accordingly, his complaint will be dismissed.

ALLEGATIONS OF FACT

Presently incarcerated at the Green Bay Correctional Institution, Dietrich's complaint stems from his attempt to participate in one or more educational programs.  In that regard, Dietrich references an "IIP correspondence course" offered by the Milwaukee Area Technical College (MATC), a "distance learning program" offered by University of Wisconsin System

through the University of Wisconsin at Plattville, and a "testing center" for inmates at the Oshkosh Correctional Institution.

The complaint filed by Dietrich names more than 40 defendants, including: (1) the DOC; (2) DOC General Counsel Kathryn R. Anderson; (3) Warden Michael Baenen of the Green Bay Correctional Institution; (4) Education Director Russ Corcoran of the Oshkosh Correctional Institution; (5) Teacher/IIP Site Coordinator Susan G. Casper; (6) Education Director John Doruff; (7) Education Director Chris Eplett; (8) Complaint Examiner Tom Gozinksi; (9) DOC Secretary Gary Hamblin; (10) Former DOC  Secretary Rick Raemisch; (11) Education Director David Hines; (12) Michael Mohr; (13) Cathrine Francois; (14) Therasa Murphy; (15) Timothy Pierce; (16) Ismael Ozanne; (17) Amy Basten; (18) Ms. J. Dinse; (19) Warden Judy Smith of the Oshkosh Correctional Institution; (2) Warden William Pollard; (21) Education Director DeWayne Street; (22) the University of Wisconsin System; (23) Academic Advisor/Outreach Specialist Kelly Curtiss; (24) Distance Learning Center Staff Debbra Becker; (25) Distance Learning Center Staff Dawn Drake; (26) the Chancellor of the University of Wisconsin at Plattville; (27) University of Wisconsin System President James P. Riely; (28) UW General Counsel Paige Reed; (29) Assistant William F. Trezevant; (30) Distance Learning Center Chair Susan Hansen; (31) the Chairperson-Admissions and Academic Appeals Committee; (32) Distance Learning Center Staff Christine Storelie; (33) MATC; (34) MATC Mathematics Instructor Judy Tokan; (35) MATC "College of the Air" Dean Carl Morency; (36) the Affirmative Action Officer/General Counsel for MATC; (37) Former Wisconsin Governor Jim Doyle; (38) Wisconsin Governor

2

Scott Walker; (39) Brown County; (40) Waukesha County; (41) Grant County; and (42) Winnebago County.

Dietrich alleges that all defendants have engaged in a "conspiracy" of "coordinated retaliatory actions" by refusing to grant him leave to take or re-take exams in a "quiet room" in violation of the First Amendment and the Americans with Disabilities Act. Dietrich further alleges that he was falsely accused of sending threatening letters to personnel and removed as a student without due process because of his status as an inmate. Dietrich also alleges that the named municipal defendants refused to help him in "deliberate indifference" to his right to a college education. Finally, Dietrich adds that he has been deprived of the "minimal civilized measure of life's necessities" and tortured in violation of the Eighth Amendment. Dietrich seeks compensatory, actual and punitive damages, as well as injunctive relief.

Dietrich filed a similar complaint against many of the same defendants in the United States District Court for the Eastern District of Wisconsin. *See Dietrich v. Wisconsin Dep't of Corr. et al.*, No. 11-cv-352 (E.D. Wis.). It appears that Dietrich withdrew that complaint after the district court issued its screening order, which pointed out the same deficiencies outlined further below. Dietrich then re-filed his complaint in this court.

OPINION

## A. Screening Standard

The court is required to screen all complaints filed by prisoners who seek relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a).  The court must dismiss a complaint or portion thereof if it determines that the proposed action is: (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks money damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(b) (authorizing dismissal of an *in forma pauperis* complaint "at any time" on the same grounds).

In addressing any *pro se* litigant's complaint, the court must read the allegations of the complaint generously.  *Haines v. Kerner*, 404 U.S. 519, 521 (1972).  Even under a liberal standard of review, however, a *pro se* complaint is subject to dismissal as frivolous if it lacks an arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is factually frivolous if its allegations are "bizarre, irrational or incredible." *Edwards v. Snyder*, 478 F.3d 827, 829 (7th Cir. 2007) (citations omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (A complaint lacks an arguable basis in fact when the plaintiff's allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible.").  A claim lacks an arguable basis in law if it is based on "an indisputably meritless legal theory."  *Edwards*, 478 F.3d at 830 (citing *Neitzke*, 490 U.S. at 325).  "Malicious," although sometimes treated as a synonym for frivolous, "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citing *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1983) (noting that "it is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff") (citations omitted).

A complaint may be dismissed for failure to state a claim where the plaintiff alleges too little, failing to meet the minimal federal pleading requirements found in Rule 8 of the

Federal Rules of Civil Procedure.  Rule 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).  It is not necessary for a plaintiff to plead specific facts.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In that respect, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle*[ v. *Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

**B.**  **Dietrich's Complaint Fails to State a Claim**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)).  To demonstrate liability under § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in the alleged constitutional deprivation. *See Zimmerman v. Tribble,* 226 F.3d 568, 574 (7th Cir. 2000); *Walker v. Taylorville Correctional Ctr.*, 129 F.3d 410, 413 (7th Cir. 1997) (noting that "personal involvement" is required to support a claim under § 1983).  Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief

5

that is plausible on its face.'" *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Dietrich's complaint alleges the following causes of action: (1) retaliation, (2) violations of the Americans with Disabilities Act, (3) violations of the right to due process, and (4) violations of the Eighth Amendment.  Dietrich's proposed complaint does not meet the pleading standard found in Fed. R. Civ. P. 8, because it does not provide a short and plain statement of the facts in support of his claims.  The court concludes, therefore, that Dietrich may not proceed with the current complaint.  Given that he had already been provided an opportunity to revise his complaint by the Eastern District of Wisconsin to no good effect, his complaint will be dismissed.

1.      **Retaliation**

Dietrich's primary claim appears to assert retaliation in violation of the First Amendment.  However, he does not allege facts showing that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter such activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendant's decision to take a retaliatory act. *Bridges v Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citations omitted).  Of equal importance, Dietrich does not attempt to demonstrate the requisite personal involvement of each defendant in the alleged retaliation. *See Zimmerman*, 226 F.3d at 574.  Thus, his allegations are insufficient to afford notice to the defendants and the court of the nature of his claim.  *See Higgs v Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

6

## 2.    Americans with Disabilities Act

Dietrich also appears to claim that he was subjected to retaliation under the Americans with Disabilities Act.[1]  Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.   The Supreme Court has held that the term "public entity" includes state prisons.  *United States v. Georgia*, 546 U.S. 151, 153-54 (2006) (citing *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206 2010 (1998)).

To state a claim, a plaintiff must be a "qualified individual with a disability" as defined by the ADA.  *Jackson v. City of Chicago*, 414 F.3d 806, 810-11 (7th Cir. 2005).  As a result, he must allege facts showing that he is "an individual with a disability who -- with or without reasonable modifications to rules, policies or practices, the removal of architectural, communication, or transportation barrier, or the provision of auxiliary aids and services -- meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity."  42 U.S.C. § 12131(2).

Dietrich's complaint refers to his removal from more than one educational program.  From the complaint, it is not clear whether Dietrich claims that he was terminated from participating in one or more of the programs because of a disability or whether his

---

[1]  Along with his asserted cause of action under the ADA, Dietrich references the Rehabilitation Act, 29 U.S.C. § 794, the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, and the "Higher Education Act."  (Dkt. 1, at 9).  However, he provides no facts in support of a claim under these separate statutory frameworks.  Thus, the court addresses only his claim under the ADA.

termination was done in retaliation for his request for accommodations.  Likewise, it is unclear which defendants were personally responsible for terminating his participation in the program(s) at issue.

### 3.   Due Process

Dietrich alleges that he was removed from one or more educational programs without due process.  A prisoner cannot complain of procedural due process violations under 42 U.S.C. § 1983 unless he first demonstrates that the State has deprived him of a protected interest created either by state law or by the Due Process Clause itself.  *Sandin v. Connor*, 515 U.S. 472, 483-84 (1995);  *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) ("We examine procedural due process questions in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State, the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." (citations omitted)); *Williams v. Ramos*, 71 F.3d 1246, 1248-49 (7th Cir. 1995) ("When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in 'life, liberty, or property' without due process of law.") (citing *Zinermon v. Burch*, 494 U.S. 113, 125-26 (1990)).

Dietrich has not alleged facts showing that he had any constitutionally-protected liberty or property interest in remaining in a particular educational program.  Nor does he identify which of the defendants are responsible for violating his right to due process.  Thus, he has not stated a claim upon which relief can be granted.

### 4.   Eighth Amendment

Dietrich complains that he was terminated from an educational program in violation of the Eighth Amendment.  An inmate claiming a violation of the Eighth Amendment must allege that prison officials knew about but ignored conditions resulting "in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008).   The Eighth Amendment, however, does not compel prison administrators to provide general educational programs for inmates.  *See Rhodes*, 452 U.S. at 348; *Madyun v. Thompson*, 657 F.2d 868, 874 (7th Cir. 1981).  *See also Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000) (concluding that inmate did not have an Eighth Amendment right to participate in educational and substance-abuse programs); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982) ("There is no constitutional mandate to provide educational, rehabilitative, or vocational programs, in the absence of conditions that give rise to a violation of the Eighth Amendment.").  It follows, therefore, that Dietrich has failed to state a claim for which relief may be granted under the Eighth Amendment. *See Rhodes*, 452 U.S. at 348.

### C.   Dietrich's Complaint Improperly Joins Multiple Parties and Claims

In addition to the complaint's shortcomings under Fed. R. Civ. P. 8, Dietrich lodges claims against numerous defendants stemming from more than one transaction or occurrence involving more than one educational program and different prison facilities.  A plaintiff may only join "either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party."  Fed. R. Civ. P. 18(a).  As a corollary,

a plaintiff is only allowed the joinder of several defendants if the claims arose out of a single transaction and contain a question of fact or law common to all the defendants. Fed. R. Civ. P. 20(a). Although Dietrich attempts to unite his claims by invoking a conspiracy, his allegations fail to demonstrate how the defendants are related to a single transaction or common question of law and fact. Indeed, the opposite appears the case.

By lodging unrelated claims against multiple defendants, the complaint does not comport with the federal pleading rules found in Fed. R. Civ. P. 18(a) or 20(a). The Seventh Circuit has emphasized that "unrelated claims against different defendants belong in different suits" and that federal joinder rules apply to prisoners just as to other litigants. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The Seventh Circuit having instructed that "buckshot complaints" should be "rejected," Dietrich's complaint is subject to dismissal for violating these rules. *Id.*

### D.   Denial of Further Leave to Amend

Normally, Dietrich would be allowed to file an amended complaint attempting to cure the deficiencies referenced above. The court declines to do so here for a number of reasons. As an initial matter, Dietrich had already been advised by the District Court for the Eastern District of Wisconsin that his complaint contained myriad defects. Rather than attempt to address those, he attempted an end run to this court. Even if the court were to ignore such blatant forum shopping, having failed twice to plead concise claims, there is little reason to expect a different result next time. Moreover, to the extent they can be discerned, most, if not all, of Dietrich's underlying claims based on a denial of educational opportunities appear meritless, and in some cases frivolous, on their face, particularly given his own admitted

10

misconduct and defendants' entitlement to qualified immunity.   Finally, Dietrich is incarcerated in Green Bay making the Eastern District a more appropriate venue should he choose, how ill-advisedly, to attempt to pursue his claims further.


ORDER

IT IS ORDERED that Dietrich's complaint is DISMISSED without prejudice for failure to comply with Fed. R. Civ. P. 8.   Alternatively, Dietrich's complaint is DISMISSED without prejudice for failure to comply with the federal pleading rules found in Fed. R. Civ. P. 18(a) and 20(a).

Entered this 25th day of May, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

11